S. STERN, STINER & CO., INC. *v.* UNITED STATES

No. 6038.—Invoice dated Buenos Aires, Argentina, July 15, 1942.
　　　　Entered at New York, N. Y., August 14, 1942.
　　　　Entry No. 21152.

(Decided June 30, 1944)

Plaintiff not represented by counsel.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

WALKER, Judge: This is an appeal to reappraisement from a finding of value made by the appraiser at the port of New York on certain bitter orange oil imported from Argentina. The merchandise was invoiced at a price per kilo of 24 Argentine pesos, f. o. b. Buenos Aires, and was entered at that price less charges for consular invoice, carriage and porterage, and customs expenses. It was appraised at 24 Argentine pesos per kilo, net, packed.

The evidence offered on behalf of the plaintiff corporation consists in part of the oral evidence of the president thereof. The gist of his testimony is that the merchandise was purchased at 24 Argentine pesos per kilo, f. o. b. Buenos Aires, from a person who, in turn, purchased from the source of supply and who, presumably, made a profit on the transaction. A copy of the confirmation of purchase and documents relating to the letter of credit used in payment were offered and received in support of the witness' statements.

While it is true that the price paid for imported merchandise may constitute some evidence of its value, evidence of the price paid for the merchandise in question is not, standing alone, sufficient to overcome the presumption of correctness attaching to the finding of value made by the appraiser when that finding is not otherwise impeached.

On the record made I have no other course than to hold that the plaintiff has failed to meet its burden of proving that the value found by the appraiser was not the correct value of the merchandise (section 501, Tariff Act of 1930).

I therefore find that the value of the merchandise in issue was as returned by the appraiser, and judgment will issue accordingly.